IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RICHARD E. GATES                                              PLAINTIFF

v.                                    Case No. 4:19-cv-4130

SHERIFF BRIAN MCJUNKINS and
JAIL ADMINISTRATOR JANA TALANT                       DEFENDANTS

## ORDER

       This is a civil rights action filed by Plaintiff Richard E. Gates pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening pursuant to the Prison Litigation Reform Act ("PLRA"), under which the Court must screen any complaint in which a prisoner seeks redress from a governmental entity, officer, or employee. 28 U.S.C. § 1915A

### I. BACKGROUND

       Plaintiff filed his Complaint on October 7, 2019. (ECF No. 1). Plaintiff has named Brian McJunkins and Jana Talant as Defendants in this action.

       Plaintiff describes his first claim as "Failure to Protect Cruel and Unusual Punishment." (ECF No. 1, p. 4). He alleges on July 12, 2019, Defendant McJunkins "left me in flooded jail and caused infections and fungus on my hands feet legs and stomach from contaminated food served in the flooded kitchen, ear infections pain & suffering." (*Id.*). For his official capacity claim, Plaintiff states "Sheriff Brian McJunkins had several days of advanced warning concerning flooding, was aware I had requested medical help and failed to plan or take any action to protect me from a flood which later lead to an evacuation and transfer to a state correctional facility." (*Id.* at p. 5).

Plaintiff also alleges that Defendant Talant failed to protect him from the flood conditions despite her advance knowledge of flood warnings. He describes his official capacity claim against Defendant Talant as "left me in a jail flooded with water overflowing sewers bacterias contagious that caused infections, skin fungusis stomach bacteria from serving contaminated food no drinking water or protective footware or clothes." (*Id.* at p. 6).

In Claim Two, Plaintiff alleges Defendant McJunkins denied him medical care on June 30, 2019. He states, "I requested medical help for severe stomach problems arm back and neck injuries. The jail has no medical facilities Doctor no nurse nothing. I was held and requested medical and got none/ulceration of stomach. Compressed neck injury, crushed nerve in back, pain and worsening of condition." (*Id.* at p. 8). Plaintiff describes his official capacity claim in Claim Two against Defendant McJunkins as "had no medical, doctor nurse of medical holding for inmates. I had and have several medical conditions that became worse . . . by conditions of the jail with no help, exam or any treatment. I underwent extreme pain and suffering and still do and now my condition has worsened." (*Id.*). Although Plaintiff names Defendant Talant in this claim, he does not make any specific allegations against her in his Complaint.

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to

state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, a *pro se* plaintiff must allege facts to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Mere conclusory allegations with no supporting factual averments are insufficient to state a claim upon which relief can be based. *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993); *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

### III. ANALYSIS

The Court will separately address Plaintiff's conditions-of-confinement claims and deliberate indifference claims.

**A. Conditions-of-Confinement Claims**

Plaintiff claims his constitutional rights were violated when Defendants failed to protect him from floodwaters in the HCJ in July 2019 even though they had "advanced warning" of potential flooding. He alleges Defendants "left him in flooded jail" which caused "infections and fungus on my hands feet legs and stomach from contaminated food served in the flooded kitchen, ear infections pain & suffering." Plaintiff also claims during this time there was "no drinking water or protective footwear or clothes."

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833 (1998) (citation omitted).

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Id.* (internal citation and quotation marks omitted). Deliberate indifference is established when the Plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Id.* The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976); *see also Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006) (stating deliberate indifference standard applies to claims brought by pretrial detainees that prison officials failed to provide adequate food, clothing, shelter, etc.).

Keeping these principles in mind, the Court will now turn to Plaintiff's conditions-of-confinement claims, beginning with the official capacity claims and then proceeding to the individual capacity claims.

### 1. Official Capacity Claims

Plaintiff asserts his conditions-of-confinement claims against Defendants in their official capacities. Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Thus, Plaintiff's official capacity claims against Defendants are treated as claims against Howard County. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Howard County's liability under section 1983, "[P]laintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted).

To plead an unconstitutional policy, Plaintiff must allege "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). A custom conflicting with a written policy can support an official capacity claim. *Johnson v. Douglas Cnty. Med. Dept.*, 725 F.3d 825, 829 (8th Cir.2013). However, a single deviation from a written policy does not establish a custom but, rather, to establish the existence of such a custom, Plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Id.* at 828. Under this standard, "multiple incidents involving a single plaintiff could establish a custom if some evidence indicates that the incidents occurred over a course of time sufficiently long to permit notice of, and then deliberate indifference to or tacit authorization of, the conduct by policymaking officials." *Id.*

Plaintiff fails to allege facts regarding any custom or policy of Howard County which violated his constitutional rights. Accordingly, Plaintiff's official capacity conditions-of-confinement claims fail and should be dismissed.

### 2. Flooding in the HCJ

Plaintiff alleges that, despite receiving prior warning of the potential flood, Defendants left him in a flooded jail, which caused infections and fungus on his hands, feet, legs, and stomach. The Court finds, for purposes of screening only, that Plaintiff has alleged enough facts at this stage of the litigation to state individual capacity conditions-of-confinement claims against Defendants. Accordingly, these claims should remain for service.

### 3. Contaminated Food

Plaintiff's allegation that he was served contaminated food prepared in a flooded kitchen on one day fails to state a valid conditions-of-confinement claim.

An isolated instance of contaminated prison food does not rise to the level of a constitutional deprivation. *George v. King*, 837 F.2d 705, (5th Cir. 1988); *see also Danneman v. Schoemehl*, 601 F. Supp. 1017, 1018 (E.D. Mo. 1985) (collecting cases). Plaintiff's allegation that he was served contaminated food on a single occasion and became temporarily ill is insufficient to state a claim of constitutional dimension. *Wilson v. Holloway*, No. 5:18-cv-5039-TLB, 2018 WL 1161396, at *3 (W.D. Ark. Mar. 5, 2018).

Furthermore, Plaintiff has not alleged that Defendants directly participated in the alleged service of contaminated food. "Liability under [section] 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citation omitted). "A supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994). Instead, the supervisor must be personally involved in the alleged constitutional violation or his corrective inaction must constitute deliberate indifference towards the constitutional violation. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). "[I]f prisoners regularly and frequently suffer from food poisoning with truly serious medical complications as a result of particular, known unsanitary practices which are customarily followed by the prison food service organization, and the authorities without arguable justification refuse to attempt remedial measures, the requisite indifference might well be manifested or inferred." *Penny v. Holloway*, No. 5:18-cv-5021-TLB, 2018 WL 1126738, at *4 (W.D. Ark. Mar. 1, 2018) (citing *George*, 837 F.2d at 707). Plaintiff has made no allegations to establish a basis for supervisory liability against Defendants related to service of contaminated food. Thus, Plaintiff's food-related claims should be dismissed.

**B. Deliberate Indifference**

Plaintiff also asserts individual and official capacity claims of deliberate indifference. Plaintiff claims there was no medical staff at the HCJ and his requests for medical care were never addressed during his incarceration there.

The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to the serious medical needs of prisoners. *Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012). "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "[T]he failure to

treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge." *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996).

The Court finds, for purposes of screening only, that Plaintiff has alleged enough facts at this stage of the litigation to state individual and official capacity claims against Defendants for deliberate indifference. Accordingly, these claims shall remain for service.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's official capacity claims against Defendants based on his conditions of confinement are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A. Plaintiff's individual capacity claims against Defendants related to the service of contaminated food are also **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A. Plaintiff's individual capacity conditions-of-confinement claims related to the flooded jail and his individual and official capacity deliberate-indifference claims against Defendants remain. Service of process will be addressed by separate order.

**IT IS SO ORDERED**, this 26th day of November, 2019.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge