IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RICHARD E. GATES                                                                                    PLAINTIFF

v.                                              Civil No. 4:19-cv-4130

SHERIFF BRYAN MCJUNKINS, Howard
County, Arkansas' JAIL ADMINISTRATOR
JANA TALANT                                                                                         DEFENDANTS

# ORDER

Currently before the Court is Plaintiff Richard E. Gates's failure to inform the Court of his current address. Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on October 7, 2019. (ECF No. 1). That same day, the Court granted Plaintiff's *in forma pauperis* application. (ECF No. 3). The Court informed Plaintiff that he was required to keep the Court informed of his address and upon his release or transfer from incarceration, he would have thirty days to notify the Court of his new address. *Id.* That order was not returned as undeliverable. On December 5, 2019, mail sent to Plaintiff's address of record was returned as undeliverable. (ECF No. 10). As of the date of this order, Plaintiff has not provided the Court with an updated address.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to inform the Court of his current address and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED,** this 13th day of January, 2020.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge